UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JIM SHAVER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01868 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| TWIN CITY HARDWARE CO. et al., | ) | [Re: Motions at Docket 13 & 37] |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 13, plaintiff Jim Shaver moves pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment on his breach of contract claim.  Defendant Twin City Hardware Co. ("Twin City") opposes the motion at docket 28 and simultaneously moves pursuant to Federal Rule 56(d) for additional time to conduct discovery.[1]  Shaver's reply is at docket 33.

---

[1]Twin City states that its motion is pursuant to Rule 56(f), but it is clear that it intended to move pursuant to Rule 56(d), which harbors the provisions of former subdivision (f).

At docket 37, Twin City moves to strike a supplemental statement of facts filed with plaintiff's reply brief. Shaver opposes the motion at docket 39. Oral argument was not requested with respect to either motion and would not assist the court.

## II.  BACKGROUND

This case arises out of Twin City's termination of Shaver's employment. The terms of Shaver's employment are disputed. On August 17, 2008, the parties signed a "Memo of Agreement" which incorporated a four-year employment proposal made to Shaver by Twin City. Shaver also received and agreed to the terms of Twin City's Employee Information Guide, which included items applicable to all Twin City employees, but disclaimed any status as an employment contract.

Shaver's employment as a sales and project manager began on August 29, 2008. On September 1, 2009, Shaver's employment was terminated. Shaver alleges that his termination was based on his age. Twin City argues that Shaver's termination was based on poor performance. Shaver's complaint includes counts for age discrimination, hostile work environment, breach of contract, intentional infliction of emotional distress, promissory estoppel, and punitive damages.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."[2] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

---

[2]Fed. R. Civ. P. 56(c)(2).

judgment."[3]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[5]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[6]  The burden of persuasion is on the moving party.[7]

### IV.  DISCUSSION

**A. Motion to Strike**

Under Local Rule 7.2, "a motion to strike may be filed . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."[8]  Twin City argues that Shaver's controverting statement of facts, which was filed with his reply brief is not authorized by a statute or rule.  Shaver does not contend that the filing was authorized by statute or rule, only that it does not "amount[] to new evidence."[9]  Although Local Rule 56.1 requires submission of a statement of facts with a motion for summary judgment and a controverting statement of facts with a response in opposition, the rule does not authorize a supplemental

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Id.*

[5] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[6] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8] LRCiv 7.2(m)(1).

[9] Doc. 39 at 1.

statement of facts with a reply brief.[10]  Nor does Federal Rule 56 provide any support for a statement of facts beyond those provided for in Local Rule 56.1.  The statement of facts filed at docket 34 is not authorized by rule and the court is unaware of any statutory authorization.

## B. Motion for Partial Summary Judgment

### 1. Twin City Has Not Demonstrated that it is Unable to Present Controverting Facts

Twin City argues that Shaver's motion is premature.  Specifically, Twin City argues that because "there has not been sufficient time to engage in discovery, [p]laintiff's motion should be denied."[11]  Federal Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."[12]  Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time . . . to take discovery."[13]  Although Twin City is correct that Shaver's motion was made prior to commencement of discovery, Twin City has not demonstrated that it is unable to present facts essential to justify its opposition.  In a supporting affidavit, Twin City's counsel states outright that Twin City "has presented affidavits and evidence which contradict many of the facts alleged by" Shaver.[14]  The

---

[10]*See* LRCiv 56.1(a), (b).

[11]Doc. 28 at 6.

[12]Fed R. Civ. P. 56(b).

[13]Fed. R. Civ. P. 56(d)(2).

[14]Doc. 29-1 at 66.

court is therefore disinclined to postpone disposition of the present motion based on Rule 56(d).

**2. Shaver's Obligations Under Solely the Memo of Agreement Would Have Been Illusory**

"Generally, an employment contract of indefinite duration is terminable at will."[15] In an at will relationship, "either party may terminate the contract at any time for good cause or no cause without incurring liability."[16] Under Arizona Revised Statute § 23-1501, an

> employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise expressly restricting the right of either party to terminate the employment relationship.[17]

Shaver maintains that the Memo of Agreement satisfies both criteria, transforming the relationship and presumably "defin[ing] the parameters of that relationship."[18]

Shaver argues that Attachment A to the Memo of Agreement specifies a four-year duration and therefore that the employment agreement was not terminable at-will. Shaver also argues that the right of either party to unilaterally terminate the relationship was restricted because the Memo states that "[e]mployment terms of this agreement

---

[15] *Roberson v. Wal-Mart Stores*, 44 P.3d 164, 169 (Ariz. Ct. App. 2002).

[16] *Id.*

[17] A.R.S. § 23-1501(2).

[18] *Demasse v. ITT Corp.*, 984 P.2d 1138, 1143 (Ariz. 1999).

cannot be changed without the consent of both parties."[19]  While the court agrees that Attachment A contemplates a four-year duration, both of Shaver's arguments are problematic if Shaver was not at least terminable for cause.  Under Shaver's view of the Memo of Agreement, Shaver would have been under no obligation to even show up for work and Twin City would have nonetheless been bound to pay his salary.

An illusory promise is "in effect no promise at all" and "lacks mutuality of obligation . . . which is merely another way of stating that the particular promise is void because of lack of consideration."[20]  If the Memo of Agreement and Attachment A constituted the extent of the employment agreement–and Shaver was not at least terminable for cause–Shaver's promise would have been illusory and the agreement would have been unsupported by consideration.  Even in the unlikely event that Twin City would have agreed to such an arrangement, it would not be legally enforceable.

**3. Issues of Material Fact Remain Regarding the Parties' Employment Relationship**

However, "limitations on the right of the employer or employee to terminate the employment relationship can be either express or implied."[21]  "In Arizona, implied-in-fact terms may be found in an employer's policy statements regarding job security or employee disciplinary procedures, such as those contained in personnel manuals or

---

[19]Doc. 1-1 at 16, 19.

[20]*Allen D. Shadron, Inc. v. Cole*, 416 P.2d 555, 556 (Ariz. 1966).

[21]*Roberson v. Wal-Mart Stores*, 44 P.3d 164, 169 (Ariz. Ct. App. 2002).

memoranda."[22]  "Whether there is a promise of job security . . . implied-in-fact by an employer through its personnel manual or otherwise is a question of fact."[23]  In contrast to Shaver's contention that the Memo of Agreement constituted the parties' whole agreement, Twin City disputes that there was a contract at all.[24]  Twin City's argument is contrary to Arizona Revised Statute § 23-1501, which states that "[t]he employment relationship is contractual in nature."[25]  Material facts remain as to what documents–if any–memorialized the parties' relationship and whether any behavior on the part of Twin City could have given rise to implied-in-fact terms of employment.

For reasons set forth above, the Memo of Agreement cannot constitute the entirety of the parties' agreement.  However, that document may include important terms such as Shaver's base salary and benefits and more importantly, may negate the presumption of an at will arrangement if supplemented with other terms.

The Employee Information Guide is a potential source of other contractual terms.[26]  Under § 23-1501, in order for a written contract to overcome the at will presumption, either "the employee and the employer must sign th[e] written contract, or th[e] written contract must be set forth in [an] employment handbook or manual . . . if

---

[22]*Id.*

[23]*Id.*

[24]*See* doc. 29 at 3 ("Defendant denies that there was a contract and/or that a contract was terminated.").

[25]A.R.S. § 23-1501(1).

[26]Doc. 29-1 at 8.

that document expresses the intent that it is a contract of employment."[27]  "A statement is contractual only if it discloses a promissory intent or [is] one that the employee could reasonably conclude constituted a commitment by the employer."[28]  Disclaimers in employment handbooks are effective if they reinforce at will status because their presence precludes a reasonable conclusion that the employer intended to commit to additional terms.[29]  Here, the Employee Information Guide states that it "is not intended to alter the employment-at-will relationship in any way" and that "the contents . . . shall not constitute nor be construed as a promise of employment or as a contract between [Twin City] and any of its employees."[30]  This suggests that Twin City's disclaimer should be given effect.  The guide further states that it "is a summary of [Twin City's] policies, which are presented here *only as a matter of information*."[31]

Despite the disclaimer and statement of informational purpose, there are countervailing considerations.  Employees were asked to certify that they had received, read and *agreed to the terms of the Employee Information Guide*.[32]  The guide also discusses termination.  It states that "termination of an employee for cause by [Twin City] is generally the result of an individual's inability to attain the required level of performance in the job, failure to comply with required policies and procedures or

---

[27] A.R.S. § 23-1501(2).

[28] *Demasse v. ITT Corp.*, 984 P.2d 1138, 1143 (Ariz. 1999) (internal quotations omitted).

[29] *Roberson*, 44 P.3d at 169.

[30] Doc. 29-1 at 11.

[31] *Id.* at 11.

[32] *Id.* at 38, 41, 42.

standards of professional behavior applicable to employment, or repeated failure to perform required duties."[33]

It is unclear why employees were required to "agree to comply with all Twin City Hardware rules and regulations" and why termination for cause was discussed at all if the guide did not create contract terms and employee relationships were at will. "Unless an employee handbook specifically negates any intention on the part of the employer to have it become a part of the employment contract, a court may conclude from a review of the employee handbook that a question of fact is created regarding whether the handbook was intended by the parties to impliedly express a term of the employment agreement."[34] Twin City's requirement that Shaver and other employees agree to abide by the contents of the guide undercuts the force of Twin City's disclaimer of intent to create contractual terms. The court concludes that the Memo of Agreement and the Employment Information Guide create disputed questions of material fact regarding the parties' intent. In addition, questions of fact remain as to whether the parties' behavior was sufficient to create implied-in-fact terms of employment supplementing the Memo of Agreement.

## V.  CONCLUSION

For the foregoing reasons, Shaver's motion at docket 13 for partial summary judgment on his breach of contract claim is **DENIED**. Defendant's motion at docket 37

---

[33] *Id.* at 37.

[34] *Roberson*, 44 P.3d at 169 (quoting *Metcalf v. Intermountain Gas Co.*, 778 P.2d 744, 747 (Idaho 1989)).

to strike plaintiff's statement of controverting facts at docket 34 is **GRANTED**.

Defendant's request for attorneys' fees and costs is **DENIED**.

DATED this 20th day of December 2010.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE
